**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MARIA VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:10-cv-00334-RCJ-RAM |
| | ) | |
| SIERRA PACIFIC MORTGAGE CO., INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing thirteen causes of action. The case is part of Case No. 2:09-md-02119-JAT in the District of Arizona, and Judge Teilborg has remanded those parts of the first, third, fourth, tenth, and eleventh claims that do not involve MERS. The wrongful foreclosure claim remains with Judge Teilborg. A motion to dismiss (ECF No. 40) is pending before the Court. For the reasons given herein, the Court grants the motion.

**I.   THE PROPERTY**

Maria Vega gave lender Sierra Pacific Mortgage Co. a $315,000 promissory note to purchase property at 1497 Orca Way, Reno, NV 89506. (*See* Deed of Trust ("DOT") 1–3, Apr. 12, 2007, ECF No. 41, at 19). The trustee was Greenhead Investments, Inc. (*See id.* 1). The parties adduce no further documents concerning default and foreclosure, and the wrongful

foreclosure claim remains with Judg Teilborg in any case.

## II.     ANALYSIS

The remanded claims are: (1) Unfair Lending Practices Under Nevada Revised Statutes ("NRS") section 598D.100; (3) Injunctive Relief; (4) Declaratory Relief; (10) Civil Conspiracy; and (11) Racketeering Under NRS section 207.470.

First, Plaintiff obtained the loan on April 12, 2007. The statute of limitations under section 598D.100 is three years, *see* Nev. Rev. Stat. § 11.190(3)(a), and the present case was brought on April 19, 2010. Therefore, the claim is time-barred. Section 598D.100 was amended in 2007, with an effective date of June 13, 2007. *See* 2007 Nev. Stat. 2844–46. Therefore, even if equitably tolled, the prior version of the statute applies to the present case, and the prior version of the statute did not apply to mortgages that qualified as residential mortgage transactions under HOEPA, where a security interest is retained against the property to finance its acquisition or construction. *See* Nev. Rev. Stat, § 598D.040 (2005); 15 U.S.C. § 1602(aa)(1), (w). The Court will dismiss this claim.

Second, the civil conspiracy claim fails because Plaintiff does not allege any agreement to engage in unlawful activity. She simply concludes that a conspiracy existed between the lender and others because these agencies were all in some way involved with foreclosures generally. The claim is not pled with nearly the particularity required under Rule 9(b). The Court will dismiss this claim.

Third, under Nevada's RICO statute, a private party can bring a civil action for treble damages, attorney's fees, and costs for injuries sustained by a violation of NRS section 207.400. *See* Nev. Rev. Stat. § 207.470. Plaintiff alleges Defendants engaged in racketeering. Plaintiff, however, nowhere identifies which unlawful act under section 207.400 she believes Defendants to have committed. Plaintiff simply quotes the definition of "racketeering" under section 207.390 and alleges that Defendants engaged in racketeering through predatory lending

1   practices.  Plaintiff has not identified two predicate offenses required to constitute racketeering.

2   *See id.* § 207.390.  Such crimes include murder, manslaughter, mayhem, certain batteries,

3   kidnapping, sexual assault, arson, robbery, extortion, seduction, forgery, burglary, grand larceny,

4   bribery, assault with a deadly weapon, certain frauds, etc. *See id.* § 207.360.  Insofar as the

5   predicate acts are intended to be frauds based on the MERS system, the claim remains with

6   Judge Teilborg.  The Court will dismiss this claim.

7   Finally, the claims for injunctive and declaratory relief will be dismissed insofar as they

8   have been remanded, because no other remanded claim supporting these measures of relief

9   survives.

## CONCLUSION

11   IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 40) is GRANTED.

12   Because the claims remain with Judge Teilborg, the Court makes no ruling on the wrongful

13   foreclosure claim or the injunctive and declaratory relief claims insofar as those claims relate to

14   the wrongful foreclosure claim. *See* Nev. Rev. Stat. § 107.080 (procedurally improper

15   foreclosure); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2 610, 623 (Nev. 1983)

16   (foreclosure absent default).

17   IT IS SO ORDERED.

18   Dated this 23rd day of August, 2011.

_____
ROBERT C. JONES
United States District Judge